**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**DEANNA L. RODRIGUEZ**                                   **CIVIL ACTION**

**VERSUS**                                                          **NO. 21-1512**

**KILOLO KIJAKAZI,**                                          **SECTION "I" (3)**
**ACTING COMMISSIONER OF SOCIAL**
**SECURITY ADMINISTRATION**

### REPORT AND RECOMMENDATION

Plaintiff Deanna Rodriguez filed this action pursuant to 42 U.S.C. § 405(g) for review of the final decision of the Commissioner denying his claims for a period of disability and Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("SSA"). The matter has been fully briefed on cross-motions for summary judgment. The issues are thus ripe for review. For the following reasons, **IT IS RECOMMENDED** that Plaintiff's motion for summary judgment be **DENIED**, the Commissioner's cross-motion be **GRANTED**, and Plaintiff's case be **DISMISSED WITH PREJUDICE**.

### I.    BACKGROUND

On June 23, 2017, Deanna Rodriguez ("Plaintiff") filed a Title II application for DIB, alleging disability beginning January 4, 2014, alleging "neck with advanced degenerative disease, bilateral ulnar neuropathies in the arms, carpal tunnel syndrome, arthritis, CFS (chronic fatigue syndrome) with depression, headaches from TMJ (temporomandibular joint), tenosynovitis of foot and ankle, bladder leaks and IC (interstitial cystitis)." (Rec. Doc. No. 11-3, p. 2). At the hearing, Plaintiff amended her alleged onset date to February 28, 2018. (Rec. Doc. No. 7, p. 14). Plaintiff's earnings indicated she had sufficient quarters of coverage to remain insured through December 31, 2018, her date last insured ("DLI"). Her claim was initially denied on February 20, 2018. *Id.* Plaintiff requested a hearing, which was held on October 13, 2020, before an administrative law

1

judge ("ALJ"). *Id*. The ALJ issued an unfavorable decision finding that the Plaintiff was not disabled on January 8, 2021. *Id*.

The ALJ analyzed Rodriguez's claim pursuant to the five-step sequential evaluation process. 20 C.F.R. § 404.1520(a)(4)(i-v). At the first step, the ALJ found that the Plaintiff had not engaged in substantial gainful activity since February 28, 2018, her amended onset date, through December 31, 2018, her DLI. (Rec. Doc. No. 7, p. 16). At the second step, the ALJ found that Plaintiff's degenerative disc disease of the lumbar and cervical spine with prior cervical fusion was a severe impairment. *Id*. At the third step, the ALJ found that the impairment or combination of impairments failed to meet or equal a listed impairment for presumptive disability under the regulations. *Id*. at 19.

Next, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. § 404.1567(b), except:

> [S]he should never climb ladders, ropes, and scaffolds, and can occasionally climb ramps and stairs. She should avoid workplace hazards including unprotected height and dangerous moving machinery. The claimant should not be required to drive as a condition of her employment. She can occasionally reach overhead with her left, non-dominant upper extremity. The claimant can frequently handle bilaterally and frequently reach bilaterally. She can frequently rotate her neck from side to side.

(Rec. Doc. No. 7, p. 19). At step four, the ALJ found that through her DLI, Plaintiff was unable to perform her past relevant work as an accountant. *Id*. at 23. At step five, upon consideration of testimony from the vocational expert, the ALJ found that Plaintiff was not disabled because she was capable of performing other jobs existing in significant numbers in the national economy, including routing clerk, marker, and photocopy machine operator. *Id*. at 24. Accordingly, the ALJ found that Plaintiff was not under a "disability" as defined in the Act from February 28, 2018 through December 31, 2018, her DLI. *Id*. at 25.

On June 29, 2021, the Appeals Council denied a request to review the ALJ's decision,

making the unfavorable decision the final decision of the Commissioner. (Rec. Doc. No. 11-3, p. 2). Plaintiff filed the present civil action to challenge that decision pursuant to 42 U.S.C. § 405(g).

## II.    LEGAL STANDARDS

Judicial review of the Commissioner's decision to deny benefits is limited to determining whether that decision is supported by substantial evidence and whether the proper legal standards are applied to evaluate the evidence. *See* 42 U.S.C. § 405(g); *Copeland v. Colvin*, 771 F.3d 920, 923 (5th Cir. 2014); *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995). Substantial evidence means more than a scintilla, but less than a preponderance. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). In other words, substantial evidence is "such relevant evidence as a responsible mind might accept to support a conclusion." *Harris v. Apfel*, 209 F.3d 413, 417 (5th Cir. 2000).

Although a reviewing court must review the administrative record to ascertain whether substantial evidence supports the Commissioner's findings, it may not reweigh the evidence, try issues *de novo*, or substitute its own judgment for that of the Commissioner. *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994); *Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988). "If the Commissioner's findings are supported by substantial evidence, then the findings are conclusive, and the Commissioner's decision must be affirmed." *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir. 1995) (citing 42 U.S. § 405(g)). A reviewing court "may affirm only on the grounds that the Commissioner stated for [the] decision." *Copeland*, 771 F.3d at 923.

The ALJ has a duty to fully and fairly develop the facts relating to a claim for disability benefits. *See Ripley*, 67 F.3d at 557 (citing *Pierre v. Sullivan*, 884 F.2d 799, 802 (5th Cir. 1989) (per curiam); *Kane v. Heckler*, 731 F.2d 1216, 1219 (5th Cir. 1984)). If this duty is not satisfied, the decision that results is not supported by substantial evidence. *See id*. However, the Court does not expect procedural perfection from the ALJ and will reverse as not supported by substantial

evidence only if the failure to develop the record prejudiced Plaintiff. *See Jones v. Astrue*, 691 F.3d 730, 733 (5th Cir. 2012). In other words, the plaintiff "must show that he could and would have adduced evidence that might have altered the result." *Brock v. Chater*, 84 F.3d 726, 728-29 (5th Cir. 1996).

### III.    ENTITLEMENT TO BENEFITS UNDER THE ACT

To be entitled to social security benefits, a claimant must show that she is disabled within the meaning of the Act. *Leggett v. Chater*, 67 F.3d 558, 563-64 (5th Cir. 1995); *Villa v. Sullivan*, 895 F.2d 1019, 1022 (5th Cir. 1990). A claimant must show an inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Commissioner has promulgated regulations that provide procedures for evaluating a claim and determining disability. 20 C.F.R. §§ 404.1501-404.1599 & Appendices, §§ 416.901t-416.988 (1995). The regulations include a five-step evaluation process for determining whether an impairment prevents a person from engaging in any substantial gainful activity. *Id.* §§ 404.1520, 416.920; *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir.1994).

In evaluating a disability claim, the Commissioner utilizes the five-step sequential process to determine whether: (1) the claimant is presently working; (2) the claimant has a severe impairment; (3) the impairment meets or equals an impairment listed in appendix 1 of the social security regulations; (4) the impairment prevents the claimant from doing past relevant work; and (5) the impairment prevents the claimant from doing any other substantial gainful activity. *See* 20 C.F.R. § 404.1520; *Audler v. Astrue*, 501 F.3d 446, 447-48 (5th Cir. 2007).

Under the first four steps of the analysis, the burden lies with the claimant to prove he has

a disability. *Leggett*, 67 F.3d at 564. Once the claimant satisfies his initial burden, the burden shifts to the Commissioner at step five to show that the claimant can perform other gainful employment in the national economy. *Greenspan*, 38 F.3d at 236. If the Commissioner shows that other jobs are available to the claimant, the burden of proof shifts back to the claimant to rebut such a finding. *Selders v. Sullivan*, 914 F.2d 614, 618 (5th Cir. 1990). "A finding that a claimant is disabled or is not disabled at any point in the five-step review is conclusive and terminates the analysis." *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987).

A claimant is considered disabled only if a physical or mental impairment is so severe that the claimant is unable to do not only previous work, but cannot, considering age, education and work experience, participate in any other kind of substantial gainful work which exists in significant numbers in the national economy, regardless of whether such work exists in the area in which the claimant lives, whether a specific job vacancy exists, or whether the claimant would be hired if she or he applied for work. 42 U.S.C. § 1382(a)(3)(B). If the ALJ determines that a plaintiff is not disabled under Step V of the five-part test, the ALJ must establish that the claimant has a "residual functional capacity" (RFC), given the claimant's age, education, and past work experience, to perform other work available in the national economy. *Leggett v. Chater*, 67 F.3d 558, 564 n.11 (5th Cir. 1995). Step V also requires the Commissioner to use the medical-vocational guidelines to make a disability determination. *Id.* The four elements of proof weighed to determine whether evidence of disability is substantial are: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) claimant's subjective evidence of pain and disability; and (4) claimant's age, education, and work history. *Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir.1995). The Commissioner, rather than the courts, must resolve conflicts in the evidence. *Id*.

IV.    **ISSUES ON APPEAL**

    a.   Whether the ALJ erred in evaluating the RFC, particularly with regard to the findings on Plaintiff's ability to lift and her credibility.

    b.   Whether the ALJ erred in considering the Plaintiff's impairments and their effects in reaching the RFC leading to inaccurate vocational expert testimony.

V.    **ANALYSIS**

### 1.   Whether the ALJ erred in evaluating the RFC, particularly with regard to the findings on Plaintiff's ability to lift and her credibility

Plaintiff contends that the ALJ erred in evaluating her RFC and notes three major issues in the RFC determination. First, Plaintiff argues that the ALJ erred in finding she was capable of light work, noting that light work includes a lifting limitation of twenty pounds occasionally and ten pounds frequently. (Rec. Doc. No. 11-3, p. 7) (citing 20 C.F.R. §§ 416.967(b), 404.1567(b)). Plaintiff contends that according to her treating doctor, Dr. Haydel, she can lift no more than ten pounds, and that a ten-pound lifting limitation would place Plaintiff in the sedentary work category and enable her to "grid out." *Id*. Plaintiff contends "[a] mere ten pounds separates [her] from receiving disability." *Id*.

Plaintiff also argues that the ALJ improperly evaluated the opinion of Dr. Haydel. *Id*. at 8. She contends that the treating physician's opinion, even under the new regulations, is entitled to substantial deference. She further contends that the ALJ failed to properly apply the new regulations. *Id*. Finally, Plaintiff argues that the ALJ erred in evaluating her credibility with regard to her pain. *Id*. She contends that the ALJ failed to accurately follow Social Security Ruling ("SSR") 16-3p, and that objective medical evidence supports her complaints of pain. *Id*. at 9.

The Commissioner argues that the ALJ properly explained her evidence-based rationale using the applicable analytical framework. (Rec. Doc. No. 12-1, p. 4). The Commissioner states that the ALJ considered the persuasiveness of the evidence as a whole in reaching her

determination that Plaintiff could perform light work, including lifting up to ten pounds frequently and twenty pounds occasionally. *Id*. The Commissioner notes that Plaintiff's arguments hinge on a superseded framework and a medical source statement that is eighteen months outside her DLI. *Id*. at 5. The Commissioner further argues that the ALJ applied the correct standards for reviewing the medical opinion evidence, and the Court should discount any arguments concerning giving substantial weight to a treating physician's opinion. *Id*. The Commissioner notes that the relevant time period includes the year leading up to the amended onset date through DLI, specifically February 28, 2017, through December 31, 2018, and that Plaintiff did not generate any objective medical evidence specific to her lifting ability within this timeframe. *Id*. at 7. Finally, the Commissioner contends that the ALJ correctly considered Plaintiff's subjective complaints, along with objective medical evidence, daily activities, medication, treatment, and many other factors, when assessing her credibility. *Id*. at 14. Accordingly, the Commissioner contends there is no merit to the arguments that the ALJ should have accepted her subjective complaints as sufficient to meet her burden of proving disability. *Id*.

An RFC determination describes the most an individual can still do despite her limitations. 20 C.F.R. § 404.1545(a)(1). In assessing a claimant's RFC, the ALJ must consider all the evidence in the record, including the limiting effects of all documented impairments, regardless of whether those impairments are severe or non-severe. *Id.* at § 404.1545(a)(1-3). The relative weight given to the evidence contained in the record is within the ALJ's discretion. *Chambliss v. Massanari*, 269 F.3d 520, 523 & n.1 (5th Cir. 2001) (per curiam). To that end, the ALJ is not required to incorporate limitations in the RFC that she did not find to be supported in the record. *See Morris v. Bowen*, 864 F.2d 333, 336 (5th Cir. 1988) (per curiam). Furthermore, "RFC determinations are inherently intertwined with matters of credibility, and the ALJ's credibility

determinations are generally entitled to great deference." *Acosta v. Astrue*, 865 F. Supp. 2d 767, 790 (W.D. Tex. 2012) (citing *Newton*, 209 F.3d at 459) (internal quotation omitted)).

In suggesting that Plaintiff should be limited to sedentary work, Plaintiff relies on the opinion of Dr. Haydel, her treating physician. The Social Security Administration recently revised the regulations concerning agency consideration of medical opinion evidence in disability determinations. For claims filed on or after March 27, 2017, as in this case, an ALJ "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [the claimant's] medical sources." 20 C.F.R. § 404.1520c(a); *accord Winston v. Berryhill*, 755 F. App'x 395, 402 n.4 (5th Cir. 2018) (per curiam). Instead, the ALJ must consider each medical opinion or prior administrative finding in the record and evaluate its persuasiveness applying five factors: (1) supportability, (2) consistency, (3) relationship with the claimant including length of treatment relationship, frequency of examinations, purpose of the treatment relationship, and extent of treatment relationship, (4) specialization, and (5) other factors that tend to support or contradict a medical opinion or prior administrative medical finding. *Id*. § 404.1520c(c).

An ALJ must articulate how he considered the supportability and consistency factors for a medical opinion or a prior administrative medical finding in her determination. *Id*. § 404.1520c(b)(2). However, the ALJ is not required to discuss how she considered the medical source's relationship with the claimant, specialization, or other factors in her determination. *Id*.

Although the ALJ is not required to articulate how she considered each and every medical opinion contained in a medical source statement from a given medical provider, *see id.* at § 404.1520c(b)(2), the ALJ must still provide some explanation for rejecting a medical opinion of record. *See Loza v. Apfel*, 219 F.3d 378, 395 (5th Cir. 2000); *see also Price v. Astrue*, 401 Fed.

App'x 985, 987 (5th Cir. 2010) (per curiam) (Although the ALJ does not need to comment on every piece of evidence, she must still "build an accurate and logical bridge between the evidence and the final determination."). This is so because without any explanation from the ALJ, it is impossible for the Court to determine whether the ALJ's finding is supported by substantial evidence. *See Harmon v. U.S. Comm'r*, No. 6:14-cv-02660, 2015 WL 9226138, at *7 (W.D. La. Nov. 17, 2015) (concluding reversal and remand was required where ALJ failed to explain basis of decision, making it impossible for the court to determine whether the ALJ provided the correct legal standard or whether the finding was supported by substantial evidence).

Here, the ALJ correctly followed the revised regulations when evaluating the opinion of Dr. Haydel. The ALJ stated:

> The claimant's physician, Michael S. Haydel, M.D. opined that the claimant could stand or walk, sit for eight hours in an eight-hour day, and lift ten pounds on a frequent basis (12F/3). He opined that the claimant could frequently finger with the right upper extremity, and occasionally finger with the left upper extremity (12F/4). Finally, he opined that the claimant would be able to perform sedentary work (12F/5). Dr. Haydel's opinion is unpersuasive because it is inconsistent with the evidence of record showing that the claimant had normal gait and normal strength in the lower extremities (11F/5, 6, 12, 17; 16F/35; 17F/5, 14). Dr. Haydel's opinion regarding the claimant's ability to lift is inconsistent with the evidence showing that although the claimant had limited cervical range of motion secondary to pain and cervical tenderness, she also had normal tone, full strength, and full range of motion in the shoulders, without pain (11F/5, 6, 11, 12, 17; 17F/5, 6, 14). Dr. Haydel's opinion is not supported by his treating history which documented no more than moderate limitations (5F/10; 11F/5, 6, 11, 12, 17).

(Rec. Doc. No. 7, p. 22). Not only did the ALJ correctly analyze the persuasiveness of the opinion pursuant to the new regulations by providing examples to demonstrate a lack of supportability and consistency, but Dr. Haydel himself found Plaintiff could lift ten pounds on a frequent basis, a requirement of light work. *See* C.F.R. § 404.1567 ("Light work involves lifting no more than 20 pounds at a time *with frequent lifting or carrying of objects weighing up to 10 pounds*.") (emphasis added).

Furthermore, an ALJ is free to reject the opinion of any physician when the evidence supports a contrary conclusion. *Martinez v. Chater*, 64 F.3d 172, 176 (5th Cir. 1995); *Leggett v. Chater*, 67 F.3d 558, 566 (5th Cir. 1995) (holding that good cause exists for abandoning a treating physician's opinion where it is unsupported by the evidence). It is the role of the Commissioner, not the courts, to resolve conflicts in the evidence, and if substantial evidence supports the decision, it must be affirmed even if there is evidence on the other side. *Lewis v. Commissioner of Social Security*, No. 20-345-EWD, 2021 WL 4142279, at *4 (M.D. La. Sept. 10, 2021); *Masterson v. Barnhart*, 309 F.3d 267, 272 (5th Cir. 2002); *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990).

In addition to appropriately evaluating the medical opinion of Dr. Haydel, the ALJ correctly determined Plaintiff's RFC, including the decision to limit her to light work. The ALJ stated that Plaintiff's allegations were not entirely consistent with the evidence for two reasons:

> The first reason is the inconsistency between the claimant's allegations and the objective medical evidence discussed below. The claimant has not generally received the type of medical treatment one would expect for a totally disabled individual. The claimant did receive steroid injections for her back pain, which certainly suggests that the symptoms were genuine. While that fact would normally weigh in the claimant's favor, it is offset by the fact that the record reflects that the injections were generally successful in relieving the symptoms. The claimant has been prescribed and has taken appropriate medications for the alleged impairments, which weighs in the claimant's favor, but the medical records reveal that the medications have been relatively effective in controlling the claimant's symptoms. The claimant has admitted certain abilities, which provide support for part of the residual functional capacity conclusion in this decision. These allegations are therefore not consistent with the record taken as a whole, and the objective evidence in the record does not support the claimant's allegations.

> The second reason the undersigned finds the claimant's allegations not entirely consistent with the evidence is the claimant's many reportedly intact activities of daily living. The claimant has described daily activities, both in writing and at the hearing, that are not limited to the extent one would expect, given the complaints of disabling symptoms and limitations (6E). For example, the claimant reported that on some days she is able to walk over a mile, and has no difficulty walking short distances (6E/8). She further reported being able to drive, and stated she drives to Rite Aid a few times per month (9F/4). There is also evidence that the claimant stopped working for reasons not related to the allegedly disabling impairments: the claimant testified that she stopped working because the company for which she worked was purchased by another company and her job became

10

obsolete, not because her medically determinable impairments forced her to stop working. (Rec. Doc. No. 7, pp. 20-21). The ALJ further stated that to the extent the allegations of limitations were consistent with the evidence, they were accommodated in the residual functional capacity. *Id*. at 21. The ALJ further noted that the physical examinations through the record demonstrated generally benign results, including normal gate, with no use of an assistive device, and normal strength in the lower extremities. *Id*. Further, any occasional abnormal presentations were offset by normal findings regarding the upper extremities, including no atrophy, normal tone, full strength, and full range of motion in the shoulders, without pain. *Id*. at 22. Accordingly, the RFC determination is supported by substantial evidence, and nothing in the record indicates further limitations.

Plaintiff also raises issues regarding the ALJ's credibility determination. As noted, "RFC determinations are inherently intertwined with matters of credibility, and the ALJ's credibility determinations are generally entitled to great deference." *Acosta v. Astrue*, 865 F. Supp. 2d 767, 790 (W.D. Tex. 2012) (citing *Newton*, 209 F.3d at 459) (internal quotation omitted)). Under 20 C.F.R. § 404.15429, in evaluating the claimant's symptoms and pain, the ALJ must consider "all of the available evidence, including [the claimant's] medical history, the medical signs and laboratory findings, and statements about how [the] symptoms affect" the Plaintiff. The ALJ "is entitled to determine the credibility of medical experts as well as lay witnesses and weigh their opinions accordingly." *Britton v. Saul*, 827 Fed.Appx. 426, 431 (5th Cir. 2020) (quoting *Scott v. Heckler*, 770 F.2d 482, 485 (5th Cir. 1985)).

In accordance with the regulations and SSR 16-3p, the ALJ noted that in making a determination regarding the intensity, persistence, and limiting effects of the symptoms, she considered Plaintiff's daily activities; the location, duration, frequency, and intensity of the pain

or other symptoms; factors that precipitate and aggravate the symptoms; the type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms; treatment, other than medication, the individual receives or has received for relief of pain or other symptoms; any measures other than treatment the individual uses or has used to relieve pain or other symptoms; and any other factors concerning the functional limitations and restrictions due to pain or other symptoms. (Rec. Doc. No. 7, p. 20). As outlined in full above, the ALJ found the subjective complaints to be inconsistent with the medical evidence, particularly with regard to the type of medical treatment received, where injections and medication relieved many of the symptoms. *Id*. Furthermore, the ALJ found that the allegations were not consistent with the evidence of Plaintiff's activities of daily living, noting that she can walk over a mile, drive, takes trips to pick up her medications, and that she stopped working for reasons completely unrelated to her impairments. *Id*. at 21. This Court accords "great deference" to the ALJ's evaluation of the record and assessment of Plaintiff's credibility. *See Britton*, 827 Fed.Appx. 426; *Newton v. Apfel*, 209 F.3d 448, 459 (5th Cir. 2000). Accordingly, there is no reversible error and the ALJ's RFC determination is supported by substantial evidence.

**2. Whether the ALJ erred in considering the Plaintiff's impairments and their effects in reaching the RFC leading to inaccurate vocational expert testimony**

Plaintiff contends that despite listing many medical conditions in her application for benefits, the ALJ failed to consider most of them. (Rec. Doc. No. 11-3, p. 10) Specifically, Plaintiff argues the ALJ failed to even consider diagnoses of bilateral ulnar neuropathies in the arms, carpal tunnel syndrome, arthritis, chronic fatigue syndrome, depression, headaches from temporomandibular joint, tenosynovitis of foot and ankle, bladder leaks, and interstitial cystitis. *Id*. Plaintiff also states that the ALJ did not consider two mental conditions diagnosed by Dr. Hillman, namely somatic symptoms disorder and unspecified personality disorder. *Id*. Plaintiff

contends that the case should be remanded to consider these conditions because the vocational expert was not given a hypothetical that included all of the limitations that may stem from these issues. *Id*. Plaintiff claims the ALJ has "made a medical conclusion and played doctor," and that remand is necessary for the ALJ to articulate rational arguments for failing to address severe impairments, resulting in a lack of substantial medical evidence to sustain the decision. *Id*. at 11.

The Commissioner argues that the ALJ is not required to articulate her consideration of every complaint and diagnosis. (Rec. Doc. No. 12-1, p. 18) (citing 20 C.F.R. § 404.1520c(c)(2)). The Commissioner contends that Plaintiff provides a "laundry list" of physical diagnoses or impairments that have no bearing, as the evidence cited is outside the relevant timeframe and includes only her own attorney's summary of medical records. *Id*. The Commissioner claims that "Plaintiff's failure to tie her argument to timely and substantive evidence defeats her unsupported argument, which is easily dismissed." *Id*. at 19. The Commissioner contends that Plaintiff has failed to meet her burden of providing disability, as Plaintiff did not submit evidence at or after the hearing or ask the ALJ to seek additional evidence by subpoena. *Id*. at 20 (citing 20 C.F.R. §§ 404.950(c), 404.950(d)(2)). Further, the Commissioner states, "As Plaintiff has not identified any evidence that would have changed the result, there is no reason to disturb the decision, as the ALJ used what Plaintiff provided, per the claimant's burden of production," and that the ALJ used the record Plaintiff generated, applying Plaintiff's chosen onset date. *Id*. at 21. Finally, the Commissioner notes that because the ALJ did not err in evaluating Plaintiff's impairments, the Court need not reach the argument regarding whether or not the vocational expert relied on an inadequate hypothetical. *Id*. at 21-22.

When considering applications for disability-based benefits, ALJs must consider the combined effects of all impairments without regard to whether any one impairment, if considered

separately, would be of sufficient severity to be a basis for disability. *See* 20 C.F.R. §§ 404.1523, 416.923; *Loza v. Apfel*, 219 F.3d 378, 393 (5th Cir. 2000). The failure to consider the combined impact of multiple impairments constitutes a failure to apply correct principles of law. *Loza*, 219 F.3d at 393. However, the failure to expressly *mention* a relevant item of evidence does not mean that it was not *considered*. *Veal v. Social Sec. Admin.*, 618 F.Supp.2d 600, 606 (E.D. Tex. 2009) (citing *Wildbur v. ARCO Chemical Co.*, 974 F.2d 631, 644 (5th Cir. 1992) (court's failure to list each fact and argument raised by plaintiff does not mean that court did not consider each fact and argument). Further, nothing in the law requires the ALJ to accept all evidence as credible, or to include some symptoms or impairments in a hypothetical question posed to a vocational expert witness when there is no evidence that such symptoms interfere with the Plaintiff's ability to work. *Veal*, 618 F.Supp.2d at 607 (citing *Jordan v. Heckler*, 835 F.2d 1314, 1316 (10th Cir. 1987)). Nor does the law require the ALJ to discuss all evidence that was rejected. *Id*. (citing *Falco v. Shalala*, 27 F.3d 160, 163 (5th Cir. 1994) (declining to require ALJ to "discuss the evidence that was rejected" when evaluating the claimant's complaints of pain)).

Finally, and particularly significant here, only impairments found to be medically severe need be considered throughout the disability determination: "If the ALJ finds a *medically severe* combination of impairments, 'the combined impact of the impairments will be considered throughout the disability determination process.'" *Loza v. Apfel*, 219 F.3d 378, 393 (5th Cir. 2000) (emphasis added). The regulations express the same: "If we do find a *medically severe* combination of impairments, the combined impact of the impairments will be considered throughout the disability process." 20 C.F.R. § 404.1523(c) (emphasis added). Accordingly, a condition that does not meet the definition of severe impairment need not be considered beyond the point it is rejected. *Veal*, 618 F.Supp.2d at 607; *Bornette v. Barnhart*, 466 F.Supp.2d 811, 814 (E.D. Tex. 2006).

Here, the ALJ stated that *all* of the evidence was considered. (Rec. Doc. No. 7, pp. 15-16) ("After careful consideration of all the evidence…"; "After careful consideration of the entire record…"). Specifically with regard to the RFC, the ALJ stated, "the undersigned has considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence, based on the requirements of 20 CFR 404.1529 and SSR 16-3p." (Rec. Doc. No. 7, p. 19). Further, the ALJ did in fact explicitly consider some of the impairments Plaintiff is alleging went ignored. Specifically, the ALJ found that in 2015, provider notes indicate moderate bilateral carpal tunnel syndrome. (Rec. Doc. No. 7, p. 16). However, the ALJ stated that the record "does not demonstrate any treatment or reports of symptoms related to this condition during the relevant period." *Id*. at 17. Accordingly, the ALJ concluded the carpal tunnel syndrome was not a severe impairment. *Id*.

The ALJ likewise considered the mental impairments of depressive disorder and anxiety disorder, "considered singly and in combination," and went on to evaluate the paragraph B criteria to rate the severity of mental impairments at step 2 and 3 of the sequential evaluation process. (Rec. Doc. No. 7, p. 17). The ALJ determined Plaintiff had no more than mild limitations in understanding, remembering, or applying information; interacting with others; and concentrating, persisting, or maintaining pace. *Id*. The ALJ further determined Plaintiff had no limitation in adapting and managing oneself. *Id*. The ALJ concluded, "Because the claimant's medically determinable mental impairment caused no more than 'mild' limitation in any of the functional areas <u>and</u> the evidence does not otherwise indicate that there is more than a minimal limitation in the claimant's ability to do basic work activities, they were non-severe." *Id*. at 18. (citing 20 C.F.R. § 404.1520a(d)(1)). Notably, Plaintiff did not seek mental health care at any time between her amended onset date and her date last insured, and Dr. Haydel consistently noted her normal mood

15

and affect and her intention to return to work. (Rec. Doc. No. 7, pp. 386, 391). Further, at a visit in 2017, Plaintiff denied depression and mental problems. *Id*. at 391. The diagnosis of somatic symptom disorder and unspecified personality disorder was unique and based on Plaintiff's self-reporting at a visit designed to assess her eligibility for benefits. (Rec. Doc. No. 7, pp. 433-35). Likewise, the complaints of chronic fatigue syndrome were tied to her claim of depression, which the ALJ properly considered as outlined above. Plaintiff further denied any fatigue symptoms whatsoever in 2019. (Rec. Doc. No. 7, p. 439). Accordingly, there was no error in the ALJ's consideration of Plaintiff's alleged mental impairments.

The ALJ included the complaints of headaches in her review of the evidence, noting that "[f]ollowing her surgery [in January 2016], the claimant reported continued back pain, and described pain radiating from the neck down her left shoulder, as well as symptoms of headaches and sleep disturbance." (Rec. Doc. No. 7, p. 21). However, Dr. Haydel's treatment notes, and the ALJ's opinion, demonstrate that the symptoms were alleviated by injection and medication. (Rec. Doc. No. 7, pp. 21, 642). "Medical impairments that reasonably can be remedied or controlled by medication or treatment are not disabling." *Glenn v. Barnhart*, 124 Fed.Appx. 828, 829 (5th Cir. 2005) (citing *Johnson v. Bowen*, 864 F.2d 340, 347 (5th Cir. 1988); *Fraga v. Bowen*, 810 F.2d 1296, 1303-04 (5th Cir. 1987); *Adams v. Bowen*, 833 F.2d 509, 511-12 (5th Cir. 1987)).

Plaintiff also indicates that the ALJ failed to consider her interstitial cystitis and history of intestinal surgeries, (Rec. Doc. No. 11-3, p. 10), but the records cited by Plaintiff include only her own hearing testimony, her own disability report, and treatment notes concerning the removal of her sigmoid colon from 2014. Plaintiff does not note continuing problems related to her colon surgery, and nothing in the record indicates it contributes to her alleged bladder conditions. Plaintiff's cited complaints about urinary frequency reference her trial testimony from January 8,

16

2021. This evidence is outside the relevant timeframe. The Social Security Administration regulations contain a formula for calculating a claimant's insured status. *See* 20 C.F.R. § 404.130. A claimant must establish disability on or before the DLI in order to be entitled to a period of disability or disability insurance benefits. *See* 20 C.F.R. § 404.131; *Loza v. Apfel*, 219 F.3d 378, 393 (5th Cir. 2000). Although subsequent medical evidence may be relevant "because it may bear upon the severity of the claimant's condition before the expiration of his or her insured status," this evidence must at least be "corroborated by lay evidence relating back to the claimed period of disability." *Lucky v. Astrue*, 458 Fed.Appx. 322, 326-27 (5th Cir. 2011) (internal citations omitted). Plaintiff has failed to tie the hearing testimony to the claimed period of disability, expiring two years prior.

Finally, all medical records indicating a diagnosis of arthritis state that it is only mild. (Rec. Doc. No. 7, pp. 233, 639). As stated, the law does not require the ALJ to discuss all evidence that was rejected. *Veal*, 618 F.Supp.2d at 607 (citing *Falco v. Shalala*, 27 F.3d 160, 163 (5th Cir. 1994)). The Fifth Circuit only requires that "when the evidence *clearly favors* the claimant," the ALJ "must articulate reasons for rejecting" the subjective complaints of pain. *Falco*, 27 F.3 at 163 (citing *Abshire v. Bowen*, 848 F.2d 638, 642 (5th Cir. 1988)) (emphasis added). Here, nothing in the record suggests Plaintiff has more than mild arthritis, and thus the ALJ properly did not consider it as a severe impairment.

The ALJ explicitly accounted for all of the severe impairments when determining the appropriate RFC, even stating in detail how she applied the limitations:

> To account for the claimant's degenerative disc disease of the lumbar and cervical spine, she is limited to work at the light exertional level, she should never climb ladders, ropes, and scaffolds, and can occasionally climb ramps and stairs. She should avoid workplace hazards including unprotected heights and dangerous moving machinery. The claimant should not be required to drive as a condition of her employment. Due to the claimant's reported pain radiating to her left shoulder, she can occasionally reach overhead with her

left, non-dominant upper extremity. Due to her cervical spine pain, she can frequently handle bilaterally and frequently reach bilaterally. To account for her cervical pain, she can frequently rotate her neck from side to side.

(Rec. Doc. No. 7, p. 22).

Furthermore, the Court notes that the case cited by Plaintiff to suggest that the ALJ was "playing doctor," declined to state that the ALJ had done so where medical evidence supported the ALJ's RFC decision. *See Frank v. Barnhart*, 326 F.3d 618, 622 (5th Cir. 2003). The burden to prove disability lies with the Plaintiff. 20 C.F.R. § 404.1512(a) ("In general, you have to prove to us that you are…disabled. You must inform us about or submit all evidence known to you that relates to whether or not you are… disabled. This duty is ongoing and requires you to disclose any additional related evidence about which you become aware.") Here, Plaintiff has not submitted additional evidence to support the severity of her alleged impairments, as was her burden and right. *See* 20 C.F.R. §§ 404.950, 404.916, 404.935. Further, to the extent Plaintiff suggests the ALJ should have sought a consultative examination and medical expert opinion rather than interpret the medical evidence for herself, the Fifth Circuit has rejected this argument:

> The record indicates that the ALJ used the medical information provided by [Plaintiff] to determine the plaintiff's residual functional capacity for work. Under the regulations and our case law, the determination of the residual functional capacity is the sole responsibility of the ALJ. What [Plaintiff] characterizes as the ALJ substituting his opinion is actually the ALJ properly interpreting the medical evidence to determine his capacity for work.

*Taylor v. Astrue*, 706 F.3d 600, 602-03 (5th Cir. 2012) (internal citation omitted). It is the ALJ's role and duty to "interpret" the medical evidence to determine Plaintiff's capacity for work. *Fontenot v. Colvin*, 661 Fed.Appx. 274, 77 (5th Cir. 2016) (per curiam). "[E]xperienced ALJs can draw their own conclusions [as to disability status] based on accurate medical information." *Barrett v. Berryhill*, 906 F.3d 340, 343 (5th Cir. 2018).

Finally, the ALJ's hypothetical question to the vocational expert encompassed all of the

limitations that she determined to be severe based on the entire record, therefore, the vocational expert testimony provided substantial evidence that Plaintiff could perform other work existing in significant numbers in the national economy. *See Carey v. Apfel*, 230 F.3d 131, 145 (5th Cir. 2000). In the Fifth Circuit, an ALJ need only include in her hypothetical question the limitations that he finds to be established by the evidence. *See Morris v. Bowen*, 864 F.2d 333, 336 (5th Cir. 1988). The limitations argued by Plaintiff are not supported by the record, and accordingly, the ALJ did not err in her consideration of those limitations and her hypothetical posited to the vocational expert.

Plaintiff has not identified any evidence that would have changed the result, and thus, this Court will not disturb the ALJ's decision. *Brock*, 84 F.3d at 728-29 (Plaintiff "must show that he could and would have adduced evidence that might have altered the result."). An ALJ's RFC decision can be supported by substantial evidence even if she does not specifically discuss all the evidence that supports the decision or all the evidence that is rejected. *Falco v. Shalala,* 27 F.3d 16, 164 (5th Cir.1994). A reviewing court must defer to the ALJ's decision when substantial evidence supports it, even if the court would reach a different conclusion based on the evidence in the record. *Leggett,* 67 F.3d at 564. Furthermore, courts may not reweigh the evidence or substitute their judgment for that of the Commissioner, however, and a "no substantial evidence" finding is appropriate only if there is a "conspicuous absence of credible choices" or "no contrary medical evidence". *See Johnson v. Bowen,* 864 F.2d 340, 343 (5th Cir. 1988) (citations omitted). Here, Plaintiff invites the Court to reweigh the evidence, which the Court cannot do. Accordingly, there is no error in how the ALJ considered Plaintiff's limitations and substantial evidence supports the RFC determination and that Plaintiff is capable of performing other work that exists in significant numbers in the national economy.

19

## VI.    CONCLUSION

Accordingly,

**IT IS RECOMMENDED** that Plaintiff's Motion for Summary Judgment be **DENIED**, the Commissioner's cross-motion be **GRANTED**, and Plaintiff's case be **DISMISSED WITH PREJUDICE**.

### NOTICE OF RIGHT TO OBJECT

Objections must be: (1) specific, (2) in writing, and (3) served within fourteen (14) days after being served with a copy of this report.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 1(a), 6(b) and 72(b). A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge; and (2) appellate review of the un-objected-to factual findings and legal conclusions accepted by the district court, except upon grounds of plain error.  *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this 5th day of August, 2022.


**DANA M. DOUGLAS**
**UNITED STATES MAGISTRATE JUDGE**